**Electronically Filed
Intermediate Court of Appeals
28544
24-AUG-2011
08:45 AM**

NO. 28544

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SUZETTE M. DEMPSEY, Plaintiff-Appellee, v.
DARRYL G. DEMPSEY, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-DIVORCE NO. 06-1-0234)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Darryl G. Dempsey ("Darryl") appeals from the May 7, 2007 Judgment Granting Divorce And Awarding Child Custody ("Judgment") issued by the Family Court of the Second Circuit ("Family Court").[1] The Judgment deviated from Hawai'i's marital property distribution guidelines ("Marital Partnership Principles")[2] in awarding to Plaintiff-Appellee Suzette M. Dempsey ("Suzette") the couple's marital property at 783 Upalu Place, Wailuku, Maui, Hawai'i ("Upalu home")[3] as Suzette's sole and separate property.

On appeal, Darryl contends that the Family Court (1) erred in awarding the Upalu home to Suzette as her sole and separate property without a counterbalancing equalization payment, and (2) abused its discretion in failing to apply the partnership principles in coming to its decision, and thereby unjustly and inequitably divided the property.

---

[1]    The Honorable Simone C. Polak presided.

[2]    The Marital Partnership Principles were set out in *Prell v. Silverstein*, 114 Hawai'i 286, 291-94, 162 P.3d 2, 7-10 (App. 2007).

[3]    Darryl and Suzette were married on November 16, 1991 and the Upalu home was purchased by Darryl and his mother on May 11, 1992. On March 28, 1998, Darryl and his mother quitclaimed all of their rights, title and interest in the property to Darryl and Suzette as tenants by the entirety.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm the Family Court's Judgment and resolve Darryl's points of error as follows:

(1) A counterbalancing equalization payment is not mandatory when the family court deviates from an equal distribution of jointly owned marital property so long as the overall distribution is just and equitable. The family court, upon granting a divorce or thereafter,

> may make any further orders as shall appear just and equitable . . . (3) finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint or separate . . . . In making these further orders, the court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case.

HAW. REV. STAT. § 580-47 (2006).

> There is no fixed rule for determining the amount of property to be awarded each spouse in a divorce action other than as set forth in [Hawaii Revised Statutes ("HRS")] § 580-47. We have said that the discretionary power of a trial court in dividing and distributing property in a matrimonial action under HRS § 580-47 will not be disturbed in the absence of a showing of abuse. Further, the division and distribution of property pursuant to a divorce need not be equal but should be just and equitable.

*Teller v. Teller*, 99 Hawaiʻi 101, 107, 53 P.3d 240, 246 (2002 (citations and footnote omitted) (quoting *Au-Hoy v. Au-Hoy*, 60 Haw. 354, 357, 590 P.2d 80, 82 (1979)).

Thus, the singular fact that the Family Court awarded the Upalu home to Suzette with no equalization payment to Darryl does not, itself, violate HRS § 580-47.

(2) "The partnership model is the appropriate law for the family courts to apply when exercising their discretion in the adjudication of property division in divorce proceedings." *Tougas v. Tougas*, 76 Hawaiʻi 19, 28, 868 P.2d 437, 446 (1994). "[I]f there is no agreement between the husband and wife defining the respective property interests, partnership principles dictate an equal division of the marital estate 'where the only facts proved are the marriage itself and the existence of jointly owned

property.'" *Prell*, 114 Hawai'i at 293, 162 P.3d at 9 (emphasis omitted) (quoting *Gussin v. Gussin*, 73 Haw. 470, 484, 836 P.2d, 484, 491 (1992)). The family court, however, may deviate from those principles if there are valid and relevant considerations justifying such a deviation. *Jackson v. Jackson*, 84 Hawai'i 319, 332, 933 P.2d 1353, 1366 (App. 1997).

An appellate court will not reverse the decision of a family court judge on property division issues unless there has been a manifest abuse of the judge's wide discretion. *Ahlo v. Ahlo*, 1 Haw. App. 324, 330, 619 P.2d 112, 117 (1980). Discretion is abused when the lower court clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant. *State v. Sacoco*, 45 Haw. 288, 292, 367 P.2d 11, 13 (1961).

In its Findings Of Fact And Conclusions Of Law Regarding Valid And Relevant Considerations Justifying Deviation From the Hawai'i Marital Partnership Principles[4] ("Findings of Fact"), the Family Court specified the considerations that justified deviating from the Marital Partnership Principles, including the respective merits of the parties, the relative abilities of the parties, and the burdens imposed on the parties for the benefit of the children. Taking into account the Findings of Fact and the circumstances of the case, the Family Court concluded that it was "just and equitable to deviate from the Marital Partnership Principles by awarding [Suzette] all of the parties' interest in the Upalu property and awarding one-half of the interest in the Title Guaranty Escrow account to both parties."

Since there was significantly more than a marriage and the existence of jointly owned property proved in this case, and since the Family Court identified valid and relevant considerations that justified deviation from the Marital Partnership Principles, the Family Court did not abuse its discretion in not dividing the Upalu home equally between Darryl and Suzette.

---

[4]     The Honorable Keith E. Tanaka presided.

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on May 7, 2007, in the Family Court of the Second Circuit is affirmed.

DATED:  Honolulu, Hawai'i, August 24, 2011.

On the briefs:

Meyer M. Ueoka,
for Defendant-Appellant.

Elizabeth C. Melehan,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4